UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL PLONKA,

      Plaintiff,

    v.

SILVER STAR PROTECTION GROUP, LLC,

      Defendant.

Case No. 25-cv-02047-JPG

## MEMORANDUM AND ORDER

This case is before the Court on the parties' joint motion to approve a settlement agreement (Doc. 23), which the parties filed with the Court under seal (Doc. 26). Defendant Silver Star Protection Group is a security firm headquartered in Chicago, Illinois. In December 2024, Defendant hired Plaintiff Micheal Plonka, as a security guard. Plaintiff physically worked for Defendant from April to May 2025 but remained an active employee until October 2025. Plaintiff's complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay all earned overtime premiums and retaliating against him for reporting unlawful wage practices. It also purports to assert claims under the Illinois Minimum Wage Act and the Illinois Wage Payment and Collection Act, and common law claims for conversion, unjust enrichment/quantum merit (in the alternative), and spoilation of evidence. The proposed settlement agreement contains a broad release that covers all claims brought in this case.

It is well-established that a party may not bargain away his rights under the FLSA to certain wage payment rates; this would defeat the statute's purpose of guaranteeing those wage rates. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703–04 (1945). There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements. For this reason, FLSA cases can only be

settled under the supervision of the Secretary of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 752 (7th Cir. 2022); *Gratton v. Cielo, Inc.*, No. 23-CV-1647-BHL, 2024 WL 3594653, at *1 (E.D. Wis. July 31, 2024).

Since the Department of Labor is not involved in this case, it can only be settled by a stipulated judgment after Court scrutiny of the proposed settlement. In its review of the proposed settlement, the Court will examine (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendant, and (4) any other matter relevant to the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1354.

To evaluate a fee award in the settlement of an FLSA case, the Court uses the lodestar method. *Koch*, 51 F.4th at 753. The lodestar method involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to the experience, reputation and ability of the attorney, the length of his relationship with the client, and the "undesirability" of the case. *Id.* at 742 n.1.

The documents submitted in support of the fee award requested by Plaintiff's attorneys are not detailed enough to assess whether any adjustments are warranted under the lodestar

2

adjustment factors. Therefore, the Court **RESERVES RULING** on the motion for approval of the settlement (Doc. 23) and will set a telephone status conference by separate order to inquire further into the attorney's fee award.

**IT IS SO ORDERED.**
**DATED**: May 15, 2026

**J. PHIL GILBERT**
**United States District Judge**

3