UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL PLONKA,

      Plaintiff,

    v.

SILVER STAR PROTECTION GROUP, LLC,

      Defendant.

Case No. 25-cv-02047-JPG

## MEMORANDUM AND ORDER

This case is before the Court on the parties' joint motion to approve a settlement agreement (Doc. 23), which the parties filed with the Court under seal (Doc. 26).

In December 2024, Defendant Silver Star Protection Group hired Plaintiff Micheal Plonka as a security guard. Plaintiff physically worked for Defendant from April to May 2025 but remained an active employee until October 2025. Plaintiff's complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him all earned overtime premiums and retaliating against him for reporting unlawful wage practices. It also purports to assert claims under the Illinois Minimum Wage Act and the Illinois Wage Payment and Collection Act, and common law claims for conversion, unjust enrichment/quantum merit (in the alternative), and spoilation of evidence. The proposed settlement agreement contains a broad release that covers all claims brought in this case.

It is well-established that a party may not bargain away his rights under the FLSA to certain wage payment rates; this would defeat the statute's purpose of guaranteeing those wage rates. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703–04 (1945). There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements. For this reason, FLSA cases can only be

settled under the supervision of the Secretary of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 752 (7th Cir. 2022); *Gratton v. Cielo, Inc.*, No. 23-CV-1647-BHL, 2024 WL 3594653, at *1 (E.D. Wis. July 31, 2024).

Since the Department of Labor is not involved in this case, it can only be settled by a stipulated judgment after Court scrutiny of the proposed settlement. In its review of the proposed settlement, the Court will examine (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendant, and (4) any other matter relevant to the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1354.

The Court has considered all the factors and finds that the settlement is fair. There are numerous bona fide disputes between the parties. Defendant disputes liability, the extent of compensatory damages, and the availability of liquidated and punitive damages. The settlement is a reasonable resolution of the issues in dispute. It provides Plaintiff with all unpaid overtime and backpay that he claims he is owed and includes an award of liquidated damages based on that amount. The only compromise reflected in the settlement relates to Plaintiff's retaliation-based damages. All parties are represented by experienced counsel who appear to have negotiated this settlement at arm's length and in good faith. For these reasons, the Court approves the amount negotiated to compensate Plaintiff.

However, the Court will reduce the attorney's fee award. The settlement agreement provides Plaintiff's counsel with $10,485 in attorney's fees and costs.[1] An affidavit submitted by Plaintiff's counsel breaks down the fees as follows:

| Timekeeper | Role | Hours | Rate | Total |
|---|---|---|---|---|
| Travis Lampert | Attorney | 11.6 | $575 | $6,670.00 |
| Yousef Ahmad | Attorney | 3.8 | $475 | $1,805.00 |
| Ahmed Mallah | Paralegal | 1.8 | $195 | $351.00 |
| Ashley Feeny | Paralegal | 1.5 | $195 | $292.50 |
| Jenna Morgan | Paralegal | 1.2 | $195 | $234.00 |
| Rossana Galeano | Paralegal | 2.3 | $195 | $448.50 |
| Sarah Rochford | Paralegal | 0.7 | $195 | $136.50 |
| Sharon Morales | Paralegal | 0.1 | $195 | $19.50 |
| Kevin Gilman | Filing Clerk | 0.7 | $125 | $87.50 |

To evaluate an attorney's fee award in the settlement of an FLSA case, the Court uses the lodestar method. *Koch*, 51 F.4th at 753. The lodestar method involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to the experience, reputation and ability of the attorney, the length of his relationship with the client, and the "undesirability" of the case. *Id.* at 742 n.1.

---

[1] Plaintiff's counsel alleges that the lodestar value of the attorney's fees is $10,044.50, and they are entitled to reasonable litigation expenses of $485. There is a $44.50 difference between the attorney's fees and costs awarded in the settlement agreement and the attorney's fees and costs alleged by Plaintiff's counsel.

A reasonable hourly rate is presumed to be an attorney's actual billing rate for comparable work. *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 489–90 (7th Cir. 2009); *Mathur*, 317 F.3d at 743. If a fee applicant is "unable to provide evidence of her actual billing rates," the Court must "look to other evidence, including 'rates similar experienced attorneys in the community charge paying clients for similar work.'" *Mathur*, 317 F.3d at 743 (quoting *Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)). The fee applicant bears the burden of proving his market rate. *Id.* at 742; *Jeffboat*, 553 F.3d at 489.

The only evidence that the hourly rates are reasonable is lead attorney Travis Lampert's self-serving affidavit that alleges the rates charged are reasonable, and his statement in a telephone status conference that these amounts were charged pursuant to a contractual agreement that is used by the firm with all clients whom the firm represents on a contingency basis. This evidence is of limited probative value regarding the reasonableness of the rates. "An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." *Spegon*, 175 F.3d at 556. To the extent the affidavit is probative, it provides no information about the experience level of Mr. Ahmad, the firm's paralegals, or the firm's filing clerk. In addition, although the rates come from a contract that Plaintiff signed, the contract was a contingency agreement. Accordingly, the rates are only paid if the firm obtains an award, and the rates are either paid out of the award or paid by the defendant in connection with the award. In other words, these rates are not charged to clients, and do not establish the market rate.

Given the limited information that has been provided, and the minimal probative value of that information, the Court will apply its own knowledge regarding the market value of legal

services. Based on that experience, the Court finds that the rate of Mr. Lampert is reasonable, but the rates of attorney Yousef Ahmad, the firm's paralegals, and the firm's filing clerk are unreasonable.

Mr. Lampert is a seasoned attorney that has been practicing for eleven years and has substantial experience in wage-and-hour and employment cases. This experience allowed him to work with Plaintiff to determine whether he had a colorable claim against Defendant. The Court is satisfied that a rate of $575 per hour is reasonable for Mr. Lampert's legal work in this case.

Mr. Ahmad is an associate with limited experience. He did not file a notice of appearance in this case, and the hours that he expended were limited to conducting research on Plaintiff's claims. The Court finds that a rate of $225 per hour is reasonable for Mr. Ahmad's legal work in this case.

The Court has no information on the level of experience of the firm's paralegals and filing clerk. It believes that a reasonable rate for these individuals is $125 per hour for the firm's paralegals and $90 per hour for the firm's filing clerk.

Now that the Court has determined the reasonable hourly rates of each timekeeper, it must analyze whether all the hours were reasonably expended. The Court can disallow hours as not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). The affidavit provided by Mr. Lambert does not provide detailed information about the tasks performed by each individual. However, the Court received more detailed information from Mr. Lambert in a telephone status conference. Based on the information provided, the Court is satisfied that the hours included in the fee award were reasonably expended by counsel and support staff.

5

Applying the new rates, the attorney's fee award is reduced to $8,538.00. Plaintiff is also entitled to $485 in reasonable costs, which includes the filing fee ($405) and service expenses ($80). Thus, the Court approves an attorney's fees and costs award of $9,023.00.

For the foregoing reasons, the Court **GRANTS** the joint motion for approval of the settlement agreement (Doc. 23). It **APPROVES** the settlement agreement (Doc. 26) except that attorney's fees and costs are approved in the amount of $9,023.00 rather than the requested $10,485.00. It **DIRECTS** the Clerk of Court to enter judgment of dismissal of this case.

**IT IS SO ORDERED.**
**DATED**: **June 10, 2026**

**J. PHIL GILBERT**
**United States District Judge**